**Mario Eusebio CUETO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72930.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Richard Lemus, Anaheim, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Barry J. Pettinato, Esq., Jamie M. Dowd, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Mario Eusebio Cueto, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") order denying his motion to reopen removal proceedings held in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2000). We review the denial of a motion to reopen for abuse of discretion, *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002), and review factual findings for substantial evidence, *Kamalthas v. INS*, 251 F.3d 1279, 1281 (9th Cir.2001). We deny the petition for review.

The IJ did not abuse his discretion in denying the motion to reopen because Cueto's evidence that he was being treated three times a week for injuries sustained

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

in a car accident does not compel the finding that Cueto suffered from a serious illness sufficient to establish exceptional circumstances for failing to appear at his removal hearing. *See Celis–Castellano,* 298 F.3d at 891–92 (explaining that the agency's factual finding "must stand unless the record *compels* reversal") (emphasis in original).

**PETITION FOR REVIEW DENIED.**